FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ AUG 17 2010 ★
BROOKLYN OFFICE

Scott H. Bernstein
Robert A. Rich
HUNTON & WILLIAMS LLP
200 Park Avenue
New York, New York 10166
(212) 309-1000

*Attorneys for Plaintiff*
*Dell's Maraschino Cherries Co., Inc.*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
DELL'S MARASCHINO CHERRIES CO., INC., :
: Civ. No. CV10-3789
Plaintiff, :
: **COMPLAINT**
- against - :
: **JURY TRIAL DEMANDED**
SHORELINE FRUIT GROWERS, INC., :
:
Defendant. :
-------------------------------------------------------------x

GLASSER, J.
REYES, M.J

Plaintiff Dell's Maraschino Cherries Co., Inc. ("Plaintiff"), by its attorneys, Hunton & Williams LLP, as and for its complaint against Shoreline Fruit Growers, Inc. ("Defendant") respectfully alleges as follows:

### PRELIMINARY STATEMENT

1. This is a civil action for unfair conduct in violation of section 499(b)(2) of Title 7 of the United States Code, §§ 499(a), et seq. (the "Perishable Agricultural Commodities Act"), breach of contract, and breach of the implied covenant of good faith and fair dealing, arising out of Defendant's failure to perform its remaining obligations under an agreement between the parties to supply Plaintiff with Cherries (defined below). As more particularity alleged below, Plaintiff seeks damages in amount to be determined at trial, but believed to be in an amount of at

least $561,000 (resulting from the expected difference between the contractually agreed-upon price per pound of Cherries and the current price per pound of Cherries on the spot market), together with the costs and disbursements incurred in this action, plus prejudgment and post-judgment interest.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 due to the existence of a federal question, and pursuant to 28 U.S.C. § 1332(a)(1) because the amount in controversy exceeds $75,000, exclusive of interest and costs, and the parties are of diverse citizenship. Jurisdiction over Defendant is proper pursuant to Section 302(a) of the New York Civil Practice Law and Rules.

3   Venue in this district is proper pursuant to 28 U.S.C. § 1391(a).

## THE PARTIES

4. Plaintiff is a corporation organized and existing under the laws of the State of New York with its principal place of business at 175-177 Dikeman Street, Brooklyn, New York. Plaintiff is a producer and distributor of fancy Maraschino Cherries ("Cherries") for consumers, institutions, and private label sale.

5. Defendant is a corporation organized and existing under the laws of the State of Michigan with its principal place of business at 10850 E. Traverse Hwy., Ste. 4460, Traverse City, Michigan. The registered agent for Defendant is Donald C. Gregory, 10850 E. Traverse Hwy., Ste. 4460, Traverse City, Michigan. Defendant is in the business of purchasing and selling wholesale quantities of Cherries in interstate commerce, and is licensed as a dealer under the provisions of the Perishable Agricultural Commodities Act.

## FACTUAL ALLEGATIONS

6. On July 13, 2009, Plaintiff entered into a Sales Confirmation/Purchase Agreement (the "Contract") with Defendant for the purchase of 100 truckloads (the "Loads") of Cherries during a twelve-month period beginning no later than October 15, 2009. A true and complete copy of the Contract is annexed hereto as Exhibit A. The Contract was the latest in a series of similar annual agreements entered into by the Parties, as Defendant has been supplying Plaintiff with Cherries for at least 15 years.

7. Under the terms of the Contract, each Load is to consist of approximately 25,000 pounds of Cherries and the price per pound is $0.49.

8. Pursuant to its terms, the Contract terminates 12 months after the date of the first delivery of a Load consisting of Cherries from the 2009 crop. The first Load of Cherries from the 2009 crop was delivered to Plaintiff on September 4, 2009; thus the Contract expires by its terms on September 4, 2010.

9. Despite Plaintiff's repeated demands that Defendant perform its obligations and/or provide reasonable assurance of performance, Defendant has failed to perform its obligation under the Contract to sell and ship approximately 10 Loads per month to Plaintiff. Indeed, as of August 16, 2010, Defendant had only shipped 49 Loads to Plaintiff. Accordingly, pursuant to the terms of the Contract, Defendant remains obligated to ship an additional 51 Loads, for a total of 100 Loads, to Plaintiff, and its continued refusal to fulfill such obligation

10. Defendant has failed to perform, and despite Plaintiff's requests has failed to provide assurance that it will perform, its obligation to ship the remaining 51 Loads of Cherries.

11. Defendant's refusal to perform its obligation to ship the remaining 51 Loads of Cherries constitutes a material breach of the Contract, as to which Plaintiff has suffered damages.

## Count I
### (Unfair Conduct by a Dealer in Violation of Section 499b(2) of the Perishable Agricultural Commodities Act)

12. Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 11 hereof as though set forth herein in full.

13. Plaintiff has fulfilled all of its obligations under its Contract with Defendant.

14. Plaintiff has repeatedly demanded that Defendant sell and ship the Loads of Cherries to Plaintiff as required under the terms of the Contract, and was prepared to accept delivery of same.

15. Defendant has engaged in unfair conduct by failing to deliver the Loads, without reasonable cause, to Plaintiff in accordance with the terms of the Contract and, thus, has violated section 499b(2) of the Perishable Agricultural Commodities Act.

16. As a direct and proximate result of Defendant's unfair conduct in violation of section 499b(2) of the Perishable Agricultural Commodities Act, Plaintiff has suffered damages, in an amount to be determined at trial, but believed to be in an amount of at least $561,000, together with the costs and disbursements incurred in this action, plus pre- and post-judgment interest.

## Count II
### (Breach of Contract)

17. Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 11 hereof as though set forth herein in full.

18. Plaintiff has fulfilled all of its obligations under its Contract with Defendant.

19. Plaintiff has repeatedly demanded that the Defendant sell and ship the Loads of Cherries to Plaintiff as required under the terms of the Contract.

20. In breach of its Contract with Plaintiff, Defendant has failed to sell and ship the Loads to Plaintiff as required under the terms of the Contract.

21. As a direct and proximate result of Defendant's breach of the Contract, Plaintiff has suffered damages, in an amount to be determined at trial, but believed to be in an amount of at least $561,000, together with the costs and disbursements incurred in this action, plus pre- and post-judgment interest.

### Count III
### (Breach of Covenant of Good Faith and Fair Dealing)

22. Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 11 hereof as though set forth herein in full.

23. Plaintiff has fulfilled all of its obligations under the Contract with Defendant.

24. Plaintiff has repeatedly demanded that Defendant sell and ship the Loads of Cherries to Plaintiff as required under the terms of the Contract.

25. Defendant's unjustified and unreasonable refusal to perform its obligation to ship the remaining 51 Loads of Cherries pursuant to the terms of the Contract has had the effect of destroying and depriving Plaintiff of the benefits of the Contract, and therefore constitutes a breach of the Contract's implied covenant of good faith and fair dealing.

26. As a direct and proximate result of Defendant's breach of the implied covenant of good faith and fair dealing in the Contract, Plaintiff has suffered damages, in an amount to be determined at trial, but believed to be in an amount of at least $561,000, together with the costs and disbursements incurred in this action, plus pre- and post-judgment interest.

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

(a) awarding damages to Plaintiff in an amount to be determined at trial, but believed to be in an amount of at least $561,000, together with the costs and disbursements incurred in this action, plus pre- and post-judgment interest; and

(b) awarding Plaintiff such other and further relief as this Court deems just and proper.

Dated: New York, New York
       August 17, 2010

HUNTON & WILLIAMS LLP

By: _____
Scott H. Bernstein
Robert A. Rich
200 Park Avenue
New York, New York 10166
(212) 309-1000
sbernstein@hunton.com
rrich2@hunton.com

*Attorneys for Plaintiff*
*Dell's Maraschino Cherries Co., Inc.*

Case 1:10-cv-03789-ILG -RER   Document 1   Filed 08/17/10   Page 7 of 11

08/10/2010  17:52   12127799548                 ZRAICK NAHAS & RICH                PAGE 01
Jul 14 10 12:37p    Dell's Cherries Inc.             17186244381                    p.1
07/13/2009 14:53 FAX 231 264 6753     CHERRY KE                                    ☒002
Jul 13 09 01:44p    Dell's Cherries Inc.             17186244381                    p.1
07/13/2009 11:42 FAX 231 264 6753     CHERRY KE
                                                                                   ☒001

**REVISED 7/13/09**                                               **CONFIDENTIAL**

# Shoreline Fruit Growers, Inc.
10850 E. Traverse Hwy. Suite 4460
Traverse City, MI 49684

## SALES CONFIRMATION/PURCHASE AGREEMENT

**BUYER:**   Arthur Mondella                    **SELLER:**   Dean R. Veliquette
             Dells Maraschino Cherry Co.                      Shoreline Fruit Growers, Inc.
             Phone: 718-624-4380                              Phone: 231-264-6750
             Fax: 718-624-4381                                Fax: 231-264-6753
                                                              Cell: 231-218-012

**DATE:**    July 10, 2009

DELLS MARASCHINO CHERRY COMPANY, Buyer, agrees to purchase the following product from SHORELINE FRUIT GROWERS, INC, Seller:

**Product:**    Michigan Brine Cherries (regulars)
**Size:**       Assortment of sizes 18-20, 20-22, 22+ and halves mm
**Quantity:**   100 truckloads approximately 25,000 lbs. per load (subject to weather related crop damage which could reduce availability, which would be known by August 1, 2009)
**Grade:**      Packer grade 1-2
**Price:**      $.49 per lb. US dollars payable to Shoreline Fruit Growers, Inc.
**FOB:**        Kewadin, Michigan
**Terms:**      30 days with credit limit of $130,000

Shipping/Freight/Containers: Buyer arranges and pays for all trucking of cherries. Shipment of 10/loads per month average. 2008 crop cherries shipped until used approximately 10 loads (above and beyond what is currently set aside for Dells at Great Lakes Packing Co. per Trudy Cullimore). Start shipping of the 2009 crop no later than October 15, 2009 and continue for a 12 month period. Buyer advises on size and load ship dates a minimum of 2 business days ahead of pickup. Seller agrees to pay freight on bins and barrel return. Buyer assures Seller that the trucks will be fully loaded with bins and/or barrels in bins with no charge for empty bins. Seller to start using Buyer's containers when processing starts back up in August 2009.

Pick up location:  Great Lakes Packing Co.        Send payment to:  Shoreline Fruit Growers
                   6556 Quarterline Road                            6556 Quarterline Road
                   Kewadin, MI 49648                                Kewadin, MI 49648
                                                   A/R contact:   Joanna Hicks

**SELLER:**                                        **BUYER:**

_Dean R Veliquette_    7/13/09                     _Arthur Mondella_    7/13/09
Dean R Veliquette       Date                       Arthur Mondella        Date
Shoreline Fruit Growers, Inc.                      Dell's Maraschino Cherries Co.

_Neva Veliquette_    7/13/09
Witness: Neva Veliquette                           Witness



HUNTON & WILLIAMS LLP
200 PARK AVENUE
NEW YORK, NY 10166-0005

TEL  212 • 309 • 1000
FAX  212 • 309 • 1100

SCOTT H. BERNSTEIN
DIRECT DIAL: 212 • 309 • 1260
EMAIL: SBERNSTEIN@HUNTON.COM

FILE NO:

August 12, 2010

**VIA OVERNIGHT MAIL AND FACSIMILE**
Mr. Dean R. Veliquette
Shoreline Fruit Growers, Inc.
10850 E. Traverse Hwy., Ste. 4460
Traverse City, Michigan 49684

Re:  Dell's Maraschino Cherries Co., Inc.

Dear Mr. Veliquette:

    This firm represents Dell's Maraschino Cherries Co., Inc. ("Dell's") with respect to the Sales Confirmation/Purchase Agreement (the "Contract") with Shoreline Fruit Growers, Inc. ("Shoreline"). I am writing in response to your August 9, 2010 letter (the "August Letter") to Arthur Mondella in which you state that the Contract has been breached by Dell's and that Shoreline is excused from further preformance under the Contract. Dell's is very disappointed that Shoreline is breaching the Contract and categorically denies the allegations contained in the August Letter in all respects.

    As you know, Dell's is not in default under the Contract and has never been. Dell's has paid Shoreline all amounts that are currently owed under the Contract, and Dell's has otherwise complied with all of its obligations under the Contract. Accordingly, Shoreline must perform its obligation under the Contract to deliver the remaining fifty-one (51) loads of cherries to Dell's.

    I have looked at the possibilities for redress for my client for Shoreline's failure to perform under the Contract and believe that claims potentially exist for breach of contract and violation of the Perishable Agricultural Commodities Act. These claims could result in damages in an amount of at least $561,000 (resulting from the expected difference between the contractual price per pound of cherries and the current price per pound of cherries on the spot market), plus Dell's attorneys' fees and costs. Dell's is prepared to commence litigation on August 19, 2010 to pursue these claims, all of which are hereby reserved in their entirety.

    I would appreciate hearing from you at your earliest convenience regarding Shoreline's position on the issues I raise as well as whether Shoreline is interested in trying to



Dean R. Veliquette
August 12, 2010
Page 2

resolve this matter before suit is filed. If Shoreline is not interested in discussing this matter at this time, I also would appreciate hearing that from you.

Very truly yours,

Scott Bernstein

cc:   Arthur Mondella
      Robert A. Rich, Esq.