Scott H. Bernstein
Robert A. Rich
HUNTON & WILLIAMS LLP
200 Park Avenue
New York, New York 10166
(212) 309-1000
Fax (212) 309-1875

-and-

Robert M. Tata (VSB No. 30101)
*Pro Hac Vice Admission Pending*
HUNTON & WILLIAMS LLP
500 E. Main Street, Suite 1000
P.O. Box 3889
Norfolk, Virginia 23514-3889
(757) 640-5300
Fax (757) 625-7720

*Attorneys for Plaintiff
Dell's Maraschino Cherries Co., Inc.*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

| | | |
|---|---|---|
| DELL'S MARASCHINO CHERRIES CO., INC., | : | |
| | : | Civ. No. 10-03789 (ILG) (RER) |
| | : | |
| Plaintiff, | : | **FIRST AMENDED COMPLAINT** |
| | : | |
| - against - | : | |
| | : | **JURY TRIAL DEMANDED** |
| SHORELINE FRUIT GROWERS, INC., | : | |
| | : | |
| Defendant. | : | |

-------------------------------------------------------------X

Plaintiff Dell's Maraschino Cherries Co., Inc. ("Dell's"), by its attorneys, Hunton & Williams LLP, as and for its first amended complaint against Shoreline Fruit Growers, Inc. ("Shoreline Fruit") respectfully alleges as follows:

**PRELIMINARY STATEMENT**

1. This is a civil action for breach of contract in violation of sections 2-711, 2-712 and 2-715 of the New York Uniform Commercial Code, breach of contract, breach of the implied covenant of good faith and fair dealing, and unfair conduct in violation of section 499(b)(2) of Title 7 of the United States Code, §§ 499(a), et seq. (the "Perishable Agricultural Commodities Act" or "PACA"), arising out of Shoreline Fruit's failure to perform its remaining obligations under an agreement between the parties to supply Dell's with Cherries (defined below). As more particularly alleged below, Dell's seeks damages in an amount to be determined at trial, but believed to be in an amount of at least $446,000 (resulting from the difference between the contractually agreed-upon price per pound of Cherries and the price per pound of Cherries that Dell's agreed to pay when purchasing substitute goods), plus incidental, consequential or other damages, together with the costs and disbursements incurred in this action, plus prejudgment and post-judgment interest.

**JURISDICTION AND VENUE**

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 due to the existence of a federal question, and pursuant to 28 U.S.C. § 1332(a)(1) because the amount in controversy exceeds $75,000, exclusive of interest and costs, and the parties are of diverse citizenship. Jurisdiction over Shoreline Fruit is proper pursuant to Section 302(a) of the New York Civil Practice Law and Rules.

3. Venue in this district is proper pursuant to 28 U.S.C. § 1391(a).

**THE PARTIES**

4. Dell's is a corporation organized and existing under the laws of the State of New York with its principal place of business at 175-177 Dikeman Street, Brooklyn, New York.

Dell's is a producer and distributor of fancy Maraschino Cherries ("Cherries") for consumers, institutions, and private label sale.

5. Shoreline Fruit is a corporation organized and existing under the laws of the State of Michigan with its principal place of business at 10850 E. Traverse Hwy., Ste. 4460, Traverse City, Michigan. The registered agent for Shoreline Fruit is Donald C. Gregory, 10850 E. Traverse Hwy., Ste. 4460, Traverse City, Michigan. Shoreline Fruit is in the business of purchasing and selling wholesale quantities of Cherries in interstate commerce, and is licensed as a dealer under the provisions of PACA.

## FACTUAL ALLEGATIONS

6. On or about July 13, 2009, Dell's and Shoreline Fruit entered into an agreement whereby Dell's agreed to purchase and Shoreline Fruit agreed to sell 100 truckloads of approximately 25,000 lbs. per load of Michigan Brine Cherries (regulars) at $0.49 per pound over a 12 month period, which agreement is evidenced by a Sales Confirmation/Purchase Agreement (hereafter, "Contract"). See Exhibit A.

7. The Contract was the latest in a series of similar annual agreements entered into by the parties, as Shoreline Fruit has been supplying Dell's with Cherries for at least 15 years.

8. Under the terms of the Contract, each load was to consist of approximately 25,000 pounds of Cherries ("Load"). In total, Shoreline Fruit was obligated to sell approximately 2.5 million pounds of Cherries to Dell's pursuant to the terms of the Contract.

9. Pursuant to its terms, the Contract terminates 12 months after the date of the first delivery of a Load consisting of Cherries from the 2009 crop. The first Load of Cherries from the 2009 crop was delivered to Dell's on September 4, 2009; thus the Contract expired by its terms on September 4, 2010.

10. The parties agreed to a price of $0.49 per pound of Cherries during the year long term of the Contract. The possibility that the price of Cherries would fluctuate during the term of the Contract was a risk that was foreseeable by and born by both parties.

11. During the term of the Contract, the wholesale price of Cherries continued to rise such that by the end of the term of the Contract, the wholesale price of Cherries had increased in price almost 100%.

12. Despite Dell's always having been ready to perform its obligations under the Contract with Shoreline Fruit, Shoreline Fruit failed to perform its obligation under the Contract to sell and ship 100 Loads to Dell's during the twelve-month term of the Contract. Indeed, Shoreline Fruit had only sold and shipped 60 Loads to Dell's. Accordingly, pursuant to the terms of the Contract, Shoreline Fruit failed to ship and sell an additional 40 Loads, for a total of 100 Loads, to Dell's.

13. As a result of Shoreline Fruit's many and repeated failures to meet its obligations under the Contract, Dell's was forced to enter into a transaction on or about September 20, 2010 to purchase substitute goods to cover Shoreline Fruit's failure to sell and ship the Loads of Cherries to Dell's.

14. Shoreline Fruit's failure to perform its obligation to sell and ship the remaining 40 Loads of Cherries constitutes a material breach of the Contract, as to which Dell's has suffered damages.

## Count I
### (Breach of Contract in Violation of Sections 2-711, 2-712 and 2-715 of the New York Uniform Commercial Code)

15. Dell's repeats and re-alleges the allegations set forth in paragraphs 1 through 14 hereof as though set forth herein in full.

- 5 -

16. Shoreline Fruit had a duty under the Contract to sell and ship the Loads of Cherries to Dell's in a manner consistent with the covenants and terms of the Contract.

17. Shoreline Fruit failed to timely sell and ship the Loads of Cherries, thereby breaching the Contract each time it did not timely deliver an installment to Dell's.

18. Shoreline Fruit failed in its delivery obligations because it ignored its duty to perform the Contract regardless of any increased costs or adverse economic consequences to Dell's associated with the rising market for Cherries.

19. As a result of Shoreline Fruit's many and repeated failures to meet its obligations under the Contract, Dell's was forced to enter into a transaction on September 20, 2010 to purchase substitute goods to cover Shoreline Fruit's failure to sell and ship the Loads of Cherries to Dell's.

20. Prior to purchasing substitute goods to cover Shoreline Fruit's failure to sell and ship the Cherries in violation of the Contract, Dell's provided notices to Shoreline Fruit of Dell's intent to cover.

21. Shoreline Fruit has refused and continues to refuse to pay the cover damages, and incidental and consequential damages, due to Dell's under the New York Uniform Commercial Code.

22. As a direct and proximate result of Shoreline Fruit's breach of contract, Dell's has suffered cover and other damages, including but not limited to incidental and consequential damages, in an amount to be determined at trial, but believed to be in an amount of at least $446,000, plus the costs and disbursements incurred in this action, plus pre- and post-judgment interest.

## Count II
### (Breach of Contract)

23. Dell's repeats and re-alleges the allegations set forth in paragraphs 1 through 22 hereof as though set forth herein in full.

24. Dell's has fulfilled all of its obligations under its Contract with Shoreline Fruit.

25. Dell's has repeatedly demanded that the Shoreline Fruit sell and ship the Loads of Cherries to Dell's as required under the terms of the Contract.

26. In breach of its Contract with Dell's, Shoreline Fruit has failed to sell and ship the Loads to Dell's as required under the terms of the Contract.

27. As a direct and proximate result of Shoreline Fruit's breach of the Contract, Dell's has suffered damages, including but not limited to incidental and consequential damages, in an amount to be determined at trial, but believed to be in an amount of at least $446,000, plus the costs and disbursements incurred in this action, plus pre- and post-judgment interest.

## Count III
### (Breach of Covenant of Good Faith and Fair Dealing)

28. Dell's repeats and re-alleges the allegations set forth in paragraphs 1 through 27 hereof as though set forth herein in full.

29. Dell's has fulfilled all of its obligations under the Contract with Shoreline Fruit.

30. Dell's has repeatedly demanded that Shoreline Fruit sell and ship the Loads of Cherries to Dell's as required under the terms of the Contract.

31. Shoreline Fruit's unjustified and unreasonable refusal to perform its obligation to sell and ship the remaining 40 Loads of Cherries pursuant to the terms of the Contract has had the effect of destroying and depriving Dell's of the benefits of the Contract, and therefore constitutes a breach of the Contract's implied covenant of good faith and fair dealing.

32. As a direct and proximate result of Shoreline Fruit's breach of the implied covenant of good faith and fair dealing in the Contract, Dell's has suffered damages, including but not limited to incidental, consequential, and other damages, in an amount to be determined at trial, but believed to be in an amount of at least $446,000, plus the costs and disbursements incurred in this action, plus pre- and post-judgment interest.

## Count IV
### (Unfair Conduct by a Dealer in Violation of Section 499b(2) of the Perishable Agricultural Commodities Act)

33. Dell's repeats and re-alleges the allegations set forth in paragraphs 1 through 32 hereof as though set forth herein in full.

34. Dell's has fulfilled all of its obligations under its Contract with Shoreline Fruit.

35. Dell's has repeatedly demanded that Shoreline sell and ship the Loads of Cherries to Dell's as required under the terms of the Contract, and was prepared to accept delivery of same.

36. Shoreline Fruit has engaged in unfair conduct by failing to deliver the Loads, without reasonable cause, to Dell's in accordance with the terms of the Contract and, thus, has violated section 499b(2) of the PACA.

37. As a direct and proximate result of Shoreline Fruit's unfair conduct in violation of section 499b(2) of the PACA, Dell's has suffered damages, including but not limited to incidental and consequential damages, in an amount to be determined at trial, but believed to be in an amount of at least $446,000, together with the costs and disbursements incurred in this action, plus pre- and post-judgment interest.

WHEREFORE, Dell's demands judgment against Shoreline Fruit as follows:

(a) awarding damages, including but not limited to direct, cover, incidental and/or consequential damages, to Dell's in an amount to be determined at trial, but believed to be

in an amount in excess of $446,000, plus the costs and disbursements incurred in this action, plus pre- and post-judgment interest;

  (b) awarding damages, including but not limited to disgorging Shoreline Fruit's profits, plus the costs and disbursements incurred in this action, plus pre- and post-judgment interest; and

  (c) awarding Dell's such other and further relief as this Court deems just and proper, including attorneys' fees and expenses, if available, under any theory.

Dated: New York, New York
   September 27, 2010

         **HUNTON & WILLIAMS LLP**

       By: */s/ Scott H. Bernstein*
        Scott H. Bernstein
        Robert A. Rich
        200 Park Avenue
        New York, New York  10166
        (212) 309-1000
        Fax (212) 309-1875
        sbernstein@hunton.com
        rrich2@hunton.com

       -and-

       Robert M. Tata (VSB No. 30101)
       *Pro Hac Vice Admission Pending*
       500 E. Main Street, Suite 1000
       P.O. Box 3889
       Norfolk, Virginia  23514-3889
       (757) 640-5300
       Fax (757) 625-7720
       btata@hunton.com

       *Attorneys for Plaintiff*
       *Dell's Maraschino Cherries Co., Inc.*

## **EXHIBIT A**

08/11/2010 08:54 12127799548 ZRAICK NAHAS & RICH PAGE 01
Jul 14 10 12:37p Case 1:10-cv-00789-ILG-RER Document 11 Filed 09/27/10 Page 10 of 10 p.1
07/13/2009 14:53 FAX 231 264 6753 CHERRY RE 002
Jul 13 09 01:44p Dell's Cherries Inc. 17186244381 p.1
07/13/2009 11:42 FAX 231 264 6753 CHERRY RE 001

REVISED 7/13/09            CONFIDENTIAL

# Shoreline Fruit Growers, Inc.
10850 E. Traverse Hwy. Suite 4460
Traverse City, MI 49684

## SALES CONFIRMATION/PURCHASE AGREEMENT

BUYER: Arthur Mondella      SELLER: Dean R. Veliquette
Dells Maraschino Cherry Co.      Shoreline Fruit Growers, Inc.
Phone: 718-624-4380      Phone: 231-264-6750
Fax: 718-624-4381      Fax: 231-264-6753
     Cell: 231-218-012

DATE: July 10, 2009

DELLS MARASCHINO CHERRY COMPANY, Buyer, agrees to purchase the following product from SHORELINE FRUIT GROWERS, INC, Seller:

Product: Michigan Brine Cherries (regulars)
Size: Assortment of sizes 18-20, 20-22, 22+ and halves run
Quantity: 100 truckloads-approximately 25,000 lbs. per load (subject to weather related crop damage which could reduce availability, which would be known by August 1, 2009.
Grade: Packer grade 1-2
Price: $.49 per lb. US dollars payable to Shoreline Fruit Growers, Inc.
FOB: Kewadin, Michigan
Terms: 30 days with credit limit of $130,000

Shipping/Freight/Containers: Buyer arranges and pays for all trucking of cherries. Shipment of 10/loads per month average. 2008 crop cherries shipped until used approximately 10 loads (above and beyond what is currently set aside for Dells at Great Lakes Packing Co. per Trudy Cullimore). Start shipping of the 2009 crop no later than October 15, 2009 and continue for a 12 month period. Buyer advises on size and load ship dates a minimum of 2 business days ahead of pickup. Seller agrees to pay freight on bins and barrel return. Buyer assures Seller that the trucks will be fully loaded with bins and/or barrels in bins with no charge for empty bins. Seller to start using Buyer's containers when processing starts back up in August 2009.

Pick up location: Great Lakes Packing Co.      Send payment to: Shoreline Fruit Growers
                 6556 Quarterline Road                  6556 Quarterline Road
                 Kewadin, MI 49648                  Kewadin, MI 49648
                                                   A/R contact: Joanna Hicks

SELLER:                                     BUYER:

_Dean R. Veliquette_   7/13/09          _Arthur Mondella_   7/13/09
Dean R. Veliquette      Date          Arthur Mondella      Date
Shoreline Fruit Growers, Inc.          Dell's Maraschino Cherries Co.

_Neva Veliquette_   7/13/09
Witness: Neva Veliquette          Witness