FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E.D.N.Y

★ JUL 14 2011 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
DELL'S MARASCHINO CHERRIES CO., INC.,

                              Plaintiff,

           -against-                      MEMORANDUM AND ORDER
                                                 10 CV 3789 (ILG)

SHORELINE FRUIT GROWERS, INC.,
CHERRY KE, INC., i/s/h/a CHERRIE KE, INC.,
CHERRIES R US, INC., i/s/h/a GREAT LAKES
PACKING CO.,

                              Defendants.
------------------------------------------------------------x
GLASSER, United States District Judge:

      Pending before the Court are objections by both parties to decisions made by Magistrate Judge Reyes following a hearing on June 11, 2011, of a motion by the plaintiff for an order that would grant leave to file a second amended complaint to allege that Mr. Dean Veliquette, Cherry Ke, Inc., Cherries R Us, Inc. and Great Lakes Packing Co., conspired to tortiously interfere with a contract to which the plaintiff (Dell) and Shoreline Fruit Growers, Inc. (Shoreline) were parties. Shoreline objects to Magistrate Judge Reyes' granting the application to amend as to Cherry Ke, Cherries R Us and Great Lakes Packing. Dell objects to his denial of its application as to Mr. Veliquette. Shoreline's objection is the absence of a jurisdictional predicate.

      The objections by both are grounded in considerations of jurisdiction. Shoreline assigns error to the Magistrate Judge's granting the motion to amend asserting the absence of jurisdiction as regards Cherry Ke, Cherries R Us and Great Lakes Packing. Dell assigns error in denying the motion to amend asserting presence of jurisdiction as regards Veliquette.

A casual perusal of the index to the cases in which Rule 15, Fed. R. Civ. P. has been in issue reveals literally hundreds, if not thousands. The strands of several general principles are to be found in most, if not all, and the citation of cases for each would be an affectation of research. Amendments are to be freely granted when justice so requires. A proposed amendment may be denied if it would be futile or would unduly prejudice another party. If the proposed amended pleading states a viable claim, that is, could survive a Rule 12(b)(6) motion to dismiss, it would generally not be deemed futile.

I have read the 73 pages of the transcript and the proposed second amendment to the complaint and am led to the conclusion that Magistrate Judge Reyes' granting of Dell's motion to amend as regards the three commercial entities and his denial of the motion as regards Mr. Veliquette is not clearly erroneous or contrary to law. Accepting the proposed allegations of the amended complaint as true, the commercial entities would survive a Rule 12(b)(6) motion to dismiss. A sufficient, non-frivolous start towards establishing jurisdiction as to them has been made to permit, at the very least, revealing additional facts that discovery may draw out. Those allegations would not survive a similar motion as regards Mr. Velliquette. The transcript supports that determination as to him and warrants a finding that Dell accepted it:

> MR. TATA: ... We still think Dean should be included but, frankly, I've already told you that we accomplish most of the mission by having these parties in it, because it allows us to take appropriate discovery and hold the wrongdoers responsible and potentially recover, if we're so fortunate.

Tr. at 39.

* * *

| | MR. TATA: | Your Honor, would it be fair to characterize your ruling as the motion to amend is granted with the exception of Mr. Valaket because, you know, there were some words that were changed here and there in the complaint. And what I would like to do – I want to ask you for, functionally or structurally, how to do this. But what we would do would be, we would take Mr. Valaket out of it, or we could just sign the amended complaint that you've got now and you can – |

* * *

Take him out as a party.

Tr. at 62.

* * *

| | MR. TATA: | So what I was proposing to do is, you know, you've ruled on this complaint. So what I was proposing to do was to submit to you this complaint with Dean Valaket removed as a party, with a copy to opposing counsel. |

Tr. at 62-63.

* * *

| | MR. TATA: | ... Mr. Valaket is protected because we take him out – we're going to take him out of the caption and then paragraph whatever, where we say he's a party, number 10, where we say he's a party, you know, we'll change to make him not a party. We may still introduce him in paragraph 10 and say, you know, he's X, Y and Z, but he's not going to be a party. |

Tr. at 66.

The objection of the defendant is denied as it pertains to the granting of the proposed amendment as regards the three commercial entities, and the objection of the

plaintiff is denied as regards the proposed amendment as regards Mr. Veliquette.

SO ORDERED.

Dated: Brooklyn, New York
July 12, 2011

S/ILG

I. Leo Glasser